# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THERESA L. GRAGG, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. CIV-09-842-M |
| MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings.**

## PROCEDURAL HISTORY

Plaintiff protectively filed her application for DIB on December 12, 2005 alleging a disability since November 3, 2005 (TR. 80-84, 36). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 31, 32). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on January 9, 2008 (TR. 6-30). The Plaintiff appeared in person and with her non-attorney representative and offered her testimony in support of the application (TR. 15-24). A vocational expert (VE) testified at the request of the ALJ (TR. 25-29). A medical expert (ME) also testified at the request of the ALJ (TR. 11-15). The ALJ issued her decision on June 23, 2008 finding that Plaintiff was not entitled to DIB (TR. 36-47). The Appeals

Council denied the Plaintiff's request for review on June 5, 2009, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 1-3).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted).*

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 38). At step two, the ALJ concluded that Plaintiff's osteoarthritis and asthma were severe impairments (TR. 38). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which met or equaled any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 42). At step four, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform her past relevant work (PRW) as a

2

guidance counselor (TR. 46). Thus, at step four of the sequential analysis the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 46-47).

On appeal to this Court, Plaintiff alleges that (I) the ALJ failed to apply the correct legal standard in evaluating the opinions of Plaintiff's treating physician, Kevin Shelton, M.D; and that (II) the ALJ erred by failing to properly develop the record by obtaining all of the records from Dr. Shelton, and by failing to order a consultative mental examination.

# I.

Plaintiff first argues that the ALJ failed to properly evaluate the medical opinions of Plaintiff's treating physician, Dr. Shelton (See Plaintiff's Brief at pages 12-17). In a letter with a facsimile transmission date of December 21, 2005, Dr. Shelton found that Plaintiff

> Suffers from a chronic respiratory illness that predisposes her to regular upper respiratory infections. On top of his, her current level of work creates enough stress that aggrevates [sic] her chronic condition. She has been under my care for some time now but has recently had a much more difficult course with several repeat respiratory infections and even hospitalizations. I have recommended that she take a lengthy leave of absence from her job (preferably a retirement). Her chronic condition continues to slowly worsen over time and in the near future, she will no longer be able to perform her job to the level she is used to and would like to

(TR. 210). Also in December 2005, Dr. Shelton, in a medical statement given to the Teacher's Retirement System of Oklahoma, concluded that Plaintiff had severe respiratory restrictions secondary to chronic COPD, increasing fatigue and weakness, secondary to respiratory disease, and a decreasing ability to perform normal daily functions (TR. 211). Dr. Shelton further concluded that Plaintiff's disabilities were permanent and rendered her incapable of performing duties as designated by her employer (TR. 211). In an Attending Physician's Statement with a facsimile transmission date of May 22, 2006, Dr. Shelton found that Plaintiff had a current diagnosis of COPD and respiratory deficiency; that she was totally disabled for both her regular

3

occupation and for any other occupation; and that she was not a suitable candidate for a rehabilitation program (TR. 206).

When presented with opinions of a treating physician, the ALJ must "give good reasons in her decision for the weight assigned to the opinion. 20 C.F.R. § 404.1527(d)(2) *see also* SSR 96-2p; *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003). The decision "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p. In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for "controlling weight." An ALJ should keep in mind that "it is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." SSR 96-2p; *see also* 20 C.F.R.§404.1527(d)(2).

The Tenth Circuit described the required analysis of a treating physician's opinion in *Watkins v. Barnhart*, 350 F. 3d 1297, 1300-1301, (10th Cir. 2003):

> The analysis is sequential. An ALJ must first consider whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." SSR 96-2p, 1996 WL 374188, at *2 (quotations omitted). If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. *Id.* In other words, if the opinion is deficient in either of these respects, then it is not entitled to controlling weight. *Id.* The agency ruling contemplates that the ALJ will make a finding as to whether a treating source opinion is entitled to controlling weight.

The Court in *Watkins* further reasoned that

> Resolving the controlling weight issue does not end our review. In completing the analysis:

> adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927

*Watkins* at 1300; SSR 96-2p.

If an ALJ determines that a treating physician's opinion is not entitled to controlling weight then in order to disregard or give "slight weight" to that treating physician's opinion, she must set forth "specific, legitimate reasons" for doing so. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984). In *Goatcher v. United States Dep't of Health & Human Services*, 52 F.3d 288 (10th Cir. 1995), the Tenth Circuit outlined factors which the ALJ must consider in determining the appropriate weight to give a medical opinion.

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 290; 20 C.F.R. § 404.1527(d)(2)-(6).

In her decision the ALJ provided a thorough review of the medical evidence (TR. 39-46). However, the ALJ failed to adequately explain why she assigned "slight weight" to the opinions of Dr. Shelton (TR. 45). The ALJ offered only that

> Certainly, Dr. Shelton's opinion regarding the claimant's residual functional capacity is probative, but not entitled to controlling weight as it is not consistent with the medical opinion of the consultative examiner, the independent examiner, or of the independent medical expert at the hearing. Therefore, the Administrative Law Judge has weighted Dr. Shelton's opinion and assigned it slight weight

5

(TR. 45). Although the ALJ determined that the opinions of Dr. Shelton were not entitled to controlling weight, the ALJ failed to complete the required analysis under *Goatcher* and 20 C.F.R. § 404.1527(d)(2)-(6). The court cannot simply presume the ALJ applied the correct legal standards in considering the opinions of Dr. Shelton. Thus, remand is appropriate because the court cannot meaningfully review the ALJ's determination absent findings and analysis explaining the weight assigned to the opinions of Plaintiff's treating physician, Dr. Shelton. *Watkins* at 1300-1301.

## II.

Plaintiff argues that the ALJ failed to properly develop the record by obtaining medical records from Plaintiff's treating physician, Dr. Shelton (See Plaintiff's Brief at pages 18-19). Although a claimant has the general duty to prove disability, a social security disability hearing is a non-adversarial proceeding and an ALJ has a duty to develop the factual record. *Musgrave v. Sullivan*, 996 F.2d 1371, 1374 (10th Cir. 1992). The ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues. *Baca v. Department of Health & Human Servs.*, 5 F.3d 476, 479-80 (10th Cir. 1993). The statutes require that "[i]n making any determination the Commissioner of Social Security shall make every reasonable effort to obtain from the individual's treating physician (or other treating health care provider) all medical evidence, including diagnostic tests, *necessary in order to properly make such determination*, prior to evaluating medical evidence obtained from any other source on a consultative basis." 42 U.S.C. § 423(d)(5)(B) (emphasis added).

Plaintiff had been treated by Dr. Shelton since August 2002 but the only evidence in the record from Dr. Shelton was from and after December 2005 (TR. 133, 206-211). There is no indication in the record that the ALJ made any effort to obtain additional information from Dr. Shelton and the ALJ noted in her decision that "No other treating notes from those visits to Dr. Shelton were included in the record (TR. 41).

Thus, it appears that the ALJ erred by failing to develop the record by obtaining treatment records from Plaintiff's treating physician, Dr. Shelton. On remand, the Commissioner should obtain and include the treatment notes in the record.

Plaintiff also alleges that the ALJ erred in failing to order a consultative mental examination (See Plaintiff's Brief at pages 19-22). In March 2007, Plaintiff underwent a consultative physical examination performed by Dennis M. Parker, M.D., who found that Plaintiff had anxiety described as "significant symptoms, as related to the stress in her workplace..." (TR. 283). Dr. Parker concluded that Plaintiff's "Primary diagnosis is anxiety disorder with a secondary diagnosis of some mild asthma"; and that "her main disability seems to be her anxiety disorder and inability to deal with stress and intrapersonal [sic] relationships" (TR. 283). Dr. Parker further concluded that her mental disability needs to be treated and he recommended that she be "referred to the appropriate mental health specialist" (TR. 284).

The Commissioner has broad latitude in ordering consultative examinations. *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997). See *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir.1990). Nevertheless, it is clear that, where there is a direct conflict in the medical evidence requiring resolution or where the medical evidence in the record is inconclusive, a consultative examination is often required for proper resolution of a disability claim. 20 C.F.R. § 404.1519a(b)(4); *Thompson v. Sullivan*, 987 F.2d 1482, 1491 (10th Cir.1993).

The medical evidence does not appear to be either in direct conflict or inconclusive so as to require a consultative opinion. 20 C.F.R. §404.1519a(b)(4); 20 C.F.R. § 416.919a(b)(4). However, the consultative examiner, Dr. Parker, specifically identified Plaintiff's anxiety as her "main disability" and recommended that she be referred to a mental health specialist for treatment (TR. 284). The Commissioner ignored Dr. Parker's recommendation. Absent a consultative mental examination, the ALJ is left to substitute her own judgment for that of an expert in determining

7

whether Plaintiff had the ability to perform her PRW. The ALJ's duty to fully and fairly develop the medical record is heightened where, as here, the Plaintiff is represented by a non-attorney (TR. 36). *Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993). On remand, the Commissioner should follow the recommendation of Dr. Parker and order that a consultative mental examination be obtained.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this 12th day of July, 2010.



SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE